**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WILL DELAFAYETTE DAVIS,**<br>**Debtor** | § § § | **CASE NO. 25-43887-mxm13**<br><br>**CHAPTER 13** |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION (FORMERLY KNOWN AS NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION), NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, SERIES 2005-HE1,**<br>**Movant** | § § § § § § § § § § § § § | **HEARING DATE: February 26, 2026**<br>**HEARING TIME: 9:30 AM** |
| **vs.** | § | |
| | § | |
| **WILL DELAFAYETTE DAVIS, Debtor and PAM BASSEL, Trustee,**<br>**Respondents** | § § § § | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY STAY OF ACT AGAINST PROPERTY OR IN THE ALTERNATIVE REQUEST FOR ADEQUATE PROTECTION

**NOTICE: PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 128, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON FEBRUARY 5, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE1[1], its successors and/or assigns ("Movant"), a secured creditor, to file this *Motion for Relief from Automatic Stay and CoDebtor Stay of Act Against Property or in the Alternative Request for Adequate Protection* ("Motion") against Will Delafayette Davis ("Debtor"),11 U.S.C. §362(d)(4)(B) as the Debtor and has engaged in conduct that has hindered, delayed, and defrauded the Movant in connection to certain real property described in detail below. In support of this Motion, Movant respectfully states the following:

**A. STATEMENT OF FACTS**

**2.** A Note ("Note") in the original principal amount of $216,000.00 dated September 30, 2004**,** was executed by Sondrea Lydia Campbell ("Borrower") to First Bank d/b/a First Bank Mortgage ("Lender"). In connection therewith, Borrower and Edward Campbell ("Co-Borrower") executed a Deed of Trust to Lender encumbering certain real property located at 3319 Oak Run Lane, Mansfield, Texas 76063 ("Property"). The Deed of Trust reflects that it was duly recorded. (*see* Affidavit **Exhibit "A"**).

**3.** The Deed of Trust was assigned to Movant.

**4.** Subsequently, all beneficial interest in the Deed of Trust was assigned and transferred to Movant.

**5.** On or about May 22, 2020, a Warranty Deed was recorded in the Tarrant County Recorder's office whereby Edward Campbell, Will Delafayette Davis, Nicholas Christopher Lydia, and Jermey Alexander Lydia purported to transfer partial interest in the Subject Property to Will Delafayette Davis as a gift for Ten and No/100 ($10.00) and other good and valuable consideration. (*See* **Exhibit A.**)

[1] Nationstar Mortgage LLC is the servicer of the subject loan. Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE1 is the current holder of the note.

**6.** On or about April 17, 2016, Sondrea Lydia Campbell (the "Borrower") passed away. Subsequently, Debtor acquired an interest in the Real Property. (*see* **Exhibit A**.)

**7.** As of December 3, 2025, the approximate payoff amount owed by Debtor was $296,162.74. This sum includes principal balance, accrued interest, accrued late charges and escrow advances but does not include attorneys' fees incurred in connection with this bankruptcy case.

**8.** The sums set forth in this motion may not include any late charges, escrow advances, attorneys' fees, costs, or other fees and charges that might otherwise be included in the event that a payoff and/or reinstatement quote is requested or provided.

**9.** Moreover, the Loan is contractually due for the July 1, 2021 payments. In other words, the loan is almost five years delinquent.

**10.** The estimate value of the Property is $577,573.00. This valuation is based on the fair market value as determined by the Tarrant County Property Appraiser. (*See* **Exhibit B**").

**A. Bankruptcy Case History**

**11.** Movant submits that the following described bad faith filings were done solely for the purpose of using the bankruptcy stay provisions to delay the foreclosure of the subject Property and constitutes appropriate grounds for prospective in rem stay relief:

a. The First Bankruptcy. On or about July 6, 2020, the Debtor, Will Delafayette Davis filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, for the Northern District of Texas, and was assigned case no. 20-4271-mxm13. Said case dismissed on or about August 25, 2020 and subsequently terminated on September 15, 2020.

b. The Second Bankruptcy. On or about September 11, 2020, the Debtor, Will Delafayette Davis filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, for the Northern District of Texas, and was assigned case no. 20-42873-elm13. Said case dismissed on or about March 5, 2021 and subsequently terminated on March 29, 2021.

c. The Third Bankruptcy. On or about April 15, 2021, the Debtor, Will Delafayette Davis filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, for the Northern District of Texas, and was assigned case no. 21-40879-elm13. Said case dismissed on or

about September 9, 2021 and subsequently terminated on October 1, 2021.

d. The Fourth Bankruptcy. On or about September 24, 2021, the Debtor, Will Delafayette Davis filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, for the Northern District of Texas, and was assigned case no. 21-42257-elm13. Said case dismissed on or about November 4, 2021 and subsequently terminated on December 29, 2021.

e. The Fifth Bankruptcy. On or about December 7, 2021, the Debtor, Will Delafayette Davis filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, for the Northern District of Texas, and was assigned case no. 21-42855-elm13. Said case dismissed on or about July 10, 2023 and subsequently terminated on August 7, 2023.

f. The Sixth Bankruptcy. On or about January 2, 2025, the Debtor, Will Delafayette Davis filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, for the Northern District of Texas, and was assigned case no. 25-4009-mxm13. Said case dismissed on or about July 2, 2025 and subsequently terminated on August 12, 2025.

g. The Seventh Bankruptcy. On or about October 6, 2025, the Debtor, Will Delafayette Davis filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, for the Northern District of Texas, and was assigned case no. 25-43887-mxm13. Pam Bassel was appointed Chapter 13 Trustee.

h. On May 16, 2024, a Notice of Trustee Sale and Appointment of Substitute Trustee was filed. The sale date was scheduled for July 2, 2024.

i. On November 26, 2024, a Notice of Trustee Sale and Appointment of Substitute Trustee was filed. The Sale date was scheduled for January 1, 2025.

j. On September 25, 2025, a Notice of Trustee Sale and Appointment of Substitute Trustee was filed. The Sale date was scheduled for November 4, 2025.

**B. ARGUMENT AND CITATION OF AUTHORITY**

**12.** This Court has jurisdiction of this Motion by virtue of 11 U.S.C. § 105, 361, 362 and 28 U.S.C. § 1334 and 157 and all other applicable rules and statutes affecting the jurisdiction of Bankruptcy Courts generally.

**13.** By failing to make the regular monthly installment payments due pursuant to the Note, the Debtor has not adequately protected Movant's interest in the Property. Cause exists therefore for termination of the automatic stay pursuant to 11 U.S.C.§ 362(d). The Bankruptcy Code was intended to afford financially troubled debtors a breathing spell from their creditors, but it was not Congress' intent to allow debtors to enjoy their property while failing to pay their mortgages for extended periods of time. *In re Three Tuns, Inc.*, 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983). Movant has no remedy available other than to seek relief from the automatic stay and co-debtor stay.

**14.** Payments on the Property are **over 5 years delinquent**. The Loan is contractually due for the **July 1, 2021** payment.

**15.** Movant's security interest in the Property is being significantly jeopardized by Debtor's failure to make regular payments under the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such security interest.

**16.** Movant respectfully suggests that the purpose of the Bankruptcy Code's good faith provision is to prevent the bankruptcy forum from becoming a revolving door for debtors who, without any real ability or serious intention of abiding by the duties imposed by Title 11, seek only to delay just process.

**17.** Pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection § 362(a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> > (A) the debtor does not have an equity in such property; and
> >
> > (B) such property is not necessary to an effective reorganization;
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph,

> whichever is later…
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either
>
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> >
> > (B) multiple bankruptcy filings affecting such real property.
>
> (emphasis added).

**18.** Movant requests that the Court grant it prospective in rem relief from the automatic stay, pursuant to §362(d)(4)(B) of the Bankruptcy code, for **two (2) years** so that no stay can be imposed as to the Property by any future Bankruptcy filing by any person or entity. Debtor and Co-Debtor have filed a total of eight (8) bankruptcy cases together in an attempt to delay, hinder, and defraud Movant and prevent Movant from enforcing its rights under the Note and Deed of Trust. Most if not all of these filings have directly corresponded with Movant's foreclosure referrals and/or schedules sales of the Subject Property.

**19.** Upon review of each of the bankruptcy dockets, the Debtor conduct falla squarely within the parameters of §362(d)(4)(B), and this Court should provide the Movant with the prospective in rem relief requested in this Motion.

**20.** The value of the Property pursuant to the Tarrant County Appraiser is $577,573.00. As of December 3, 2025, the approximate payoff owed was $296,162.74. As such, in addition to the grounds for relief articulated in this Motion, Movant has further grounds for relief as the Subject Property has no equity, and Movant is not adequately protected.

**21.** If Movant is not permitted to enforce its security interest in the collateral or is provided with adequate protection, it will suffer irreparable injury, loss, and damages.

**22.** All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

**23.** Movant has had to retain counsel to represent it before this Court and is incurring legal expenses and attorneys' fees for which it is entitled to be reimbursed under the terms of the Note.

**24.** Movant requests that any order granting a motion for relief from the automatic stay and co-debtor stay in accordance with Rule 4001(a)(4) not be stayed until the expiration of fourteen (14) days after the entry of the order.

**Prayer**

**WHEREFORE, PREMISES CONSIDERED**, Movant respectfully requests the Court enter an order:

a. Granting Movant prospective relief as to the Subject Property for two (2) years, so that no automatic stay can be imposed as to the Subject Property by the filing of any debtor;

b. Permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein;

c. Allowing Movant to gain possession of said collateral;

d. Waiving the 14-day stay under Fed. R. Bankr. P. 4001(a)(4); and

e. Granting such further relief as the Court deems just and appropriate.

Respectfully Submitted,

**ALDRIDGE PITE, LLP**

By: Anthony Schroeder

Anthony Schroeder, SBOT 24106407
**ATTORNEY FOR MOVANT**
101 East Park Boulevard
Suite 600, Office 23
Plano, TX 75074
Telephone: (713) 293-3610
Facsimile: (858) 412-2792
Email: aschroeder@aldridgepite.com

***Mailing Address***
3333 Camino del Rio South, Suite 225
San Diego, CA 92108

**CERTIFICATE OF CONFERENCE AND CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2026, at 1:25 p.m., I e-mailed the Debtor's attorney regarding the filing of this Motion and the basis of said Motion. As of the date of the filing of this Motion, I have not received a response and assume this Motion to be opposed. I hereby certify that I caused a copy of the foregoing *Motion for Relief from Automatic Stay of Act Against Property and Affidavit in Support of Motion for Relief from Automatic Stay of Act Against Property or in the Alternative Request for Adequate Protection* to be served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail on January 22, 2026.

By: *Anthony Schroeder*
Anthony Schroeder

**DEBTOR'S ATTORNEY**
**(via electronic notice)**
Christopher Anderson
Allmand Law Firm, PLLC
860 Airport Fwy, Suite 401
Hurst, TX 76054
canderson@allmandlaw.com

**DEBTOR**
Will Delafayette Davis
3319 Oak Run Lane
Mansfield, TX 76063

**TRUSTEE**
**(via electronic notice)**
Pam Bassel
Office of The Standing Ch.13 Trustee
860 Airport Freeway, Suite 150
Hurst, TX 76054
fwch13cmecf@fwch13.com

**U. S. TRUSTEE**
**(via electronic notice)**
U.S. Trustee
Department of Justice
1100 Commerce Street, Room 976
Dallas, TX 75202
ustpregion06.da.ecf@usdoj.gov

**BORROWER**
Edward Campbell
3319 Oak Run Lane
Mansfield, TX 76063

**PARTIES REQUESTING NOTICE AND/OR EFFECTED PARTIES**
**(via electronic notice if so designated for receipt of such in CM/ECF)**

Home Tax Solutions, LLC
PO Box 675303
Dallas, TX 75267

Tarrant County Tax Office
100 Throckmorton, Suite 1700
Fort Worth, TX 76102

Mr. Cooper
PO Box 650783
Dallas, TX 75265

Wells Fargo Bank, N.A.
c/o Nationstar Mortgage, LLC
PO Box 619096
Dallas, TX 75261

Howard Marc Spector
Spector & Cox, PLLC
12770 Coit Road
Banner Place, Suite 850
Dallas, TX 75251
hspector@spectorcox.com

Camille Stecker
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue
Suite 800
Dallas, TX 75219
Camille.Stecker@lgbs.com