Camille Stecker, Associate Attorney
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
3500 Maple Ave., Suite 800
Dallas, Texas 75219
(214) 880-0089 Telephone
(469) 221-5003 Facsimile

Counsel for **Tarrant County**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. **25-43887** |
| | § | |
| **WILL DELAFAYETTE DAVIS** | § | |
| | § | CHAPTER 13 |
| | § | |
| DEBTOR. | § | |
| | § | |

**TARRANT COUNTY'S OBJECTION TO CONFIRMATION (#64)**

COMES now **Tarrant County**, a secured creditor in the above-referenced case, and files this Objection to Confirmation of the Debtor's Proposed Chapter 13 Plan of Reorganization ("Objection") proposed for confirmation and in support hereof would respectfully state to the Court as follows:

1. The Debtor herein filed the Voluntary Petition initiating this case under Chapter 13 of the Bankruptcy Code on **October 6, 2025**.

2. **Tarrant County** ("Taxing Entity") is the holder of a secured claim in the amount of **$19,323.65** regarding **two** accounts. The **first** account regards the property designated as **3317 Oak Run Lane, Mansfield, Texas 76063,** for the 2024 through 2025 ad valorem property taxes

in the amount of $6,331.84. Said real estate has a fair market value of **$115,500.00**. The **second** account regards the property designated as **3319 Oak Run Lane, Mansfield, Texas 76063,** for the 2025 ad valorem property taxes in the amount of $12,991.81. Said real estate has a fair market value of **$577,573.00**. Said claim was timely filed on **December 5, 2025, and later amended on December 8, 2025**, and is denoted as **Claim Number 5**. This claim is secured by first priority liens on those properties pursuant to Sections 32.01 and 32.05 of the Texas Property Tax Code. Interest continues to accrue under Section 33.01 of the Texas Property Tax Code as allowed under 11 U.S.C. Section 506(b).

3. The Taxing Entity objects to Confirmation of the Debtor's Proposed Chapter 13 Plan in regards to the property located at **3317 Oak Run Lane,** as the Debtor provides for the ad valorem property taxes to be included in his Chapter 13 Plan under Section E.(1) Secured Creditors- Paid by the Trustee and Section G. Secured Creditors Paid Direct by Debtor. As of the date of the filing of this Objection, the Debtor's proposed Chapter 13 Plan does not adequately provide for the treatment of the Taxing Entity's claim, as said ad valorem property taxes for real property at 3317 Oak Run Lane are still owing and delinquent. Therefore, said Taxing Entity would request that the delinquent 2024 through 2025 taxes, in the amount of **$6,331.84**, be included in the Debtor's Chapter 13 Plan as a secured creditor with interest payable at 12%. Further, as an over-secured claim, Taxing Entity's claim is required to be paid with interest at the state statutory rate as required under *11 U.S.C. § 1325(a)(5)(B)(ii) and 11 U.S.C. § 511*, with interest accruing from the petition date as required by *11 U.S.C. § 506(b)*. Delinquent ad valorem tax claims are governed by the provisions of the Texas Property Tax Code. *Texas Property Tax Code § 33.01, et seq.*, provides for penalties and interest on delinquent taxes. A delinquent tax accrues interest at a

rate of 1% for each month or portion of a month the tax remains unpaid. *Texas Property Tax Code Sec.33.01(c)*.

4. Additionally, the Taxing Entity objects to the Debtor's Proposed Chapter 13 Plan in regards to the property located at **3319 Oak Run Lane,** as the Debtor provides for the ad valorem property taxes to be included in his Chapter 13 Plan under Section E. (1) Secured Creditors- Paid by the Trustee and Section G. Secured Creditors Paid Direct by Debtor. However, the 2025 ad valorem property taxes were escrowed and paid directly to the Taxing Entity. Therefore, the Taxing Entity requests that the paid taxes be included in the proposed plan as paid direct.

**WHEREFORE, PREMISES CONSIDERED**, the Taxing Entity, respectfully requests that this Court deny Confirmation of the Plan as proposed and/or allow for cure in a Confirmation Order or letter agreement for such other and further relief to which it may be entitled both at law and in equity.

DATED March 12, 2026

Respectfully submitted,

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
3500 Maple Ave, Suite 800
Dallas, Texas 75219
(214) 880-0089 Telephone
(469) 221-5003 Facsimile
dallas.bankruptcy@lgbs.com

By: */s/Camille Stecker*
Camille Stecker
SB#24131688

COUNSEL FOR **TARRANT COUNTY**

## CERTIFICATE OF CONFERENCE

I hereby certify that correspondence was sent regarding issues with the Tarrant County claim to the office of Debtor's counsel on March 9, 2026. To date, the parties have been unable to resolve the objection, and a hearing on this matter is necessary if the parties are unable to settle prior to the confirmation hearing date currently scheduled with this Court.

*/s/Camille Stecker*
Camille Stecker

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Objection to Confirmation to be served electronically if such party has elected to receive service in that manner on March 12, 2026, or via First Class U.S. Mail on March 13, 2026, upon the parties listed on the attached Service List.

*/s/Camille Stecker*
Camille Stecker

## SERVICE LIST

Eric Allen Maskell
Allmand Law Firm, PLLC (via electronic delivery)

Will Delafayette Davis
3319 Oak Run Lane
Mansfield, TX 76063

Pam Bassel (via electronic delivery)
Chapter 13 Trustee