CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 20, 2026**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**WILL DELAFAYETTE DAVIS,**<br>**Debtor**<br><br>**WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION (FORMERLY KNOWN AS NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION), NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, SERIES 2005-HE1,**<br>**Movant**<br>**vs.**<br><br>**WILL DELAFAYETTE DAVIS, Debtor and PAM BASSEL, Trustee,**<br>**Respondents** | § | **CASE NO. 25-43887-MXM13**<br><br>**CHAPTER 13**<br><br>**HEARING DATE: April 9, 2026**<br>**HEARING TIME: 3:00 PM** |

**AGREED ORDER MODIFYING AUTOMATIC STAY**

Came on for consideration the *Motion for Relief from Automatic Stay of Act Against*

*Property* ("Motion") filed by Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association (formerly known as Norwest Bank Minnesota, National Association), not in its individual or banking capacity, but solely in its capacity as Trustee for the Merrill Lynch Mortgage Investors Trust, Series 2005-HE1, its successors and/or assigns ("Movant"). Having considered the Motion, any and all responses filed thereto, and the agreement of counsel, the Court is of the opinion that the following *Agreed Order Modifying Automatic Stay* should be entered. It is therefore, **ORDERED** that:

1. **Automatic Stay:** The automatic stay provided by 11 U.S.C. ' 362 and shall remain in effect, except as provided below.

2. **Post-Petition Fee Notice**: Upon entry of this Order, Movant shall file a Post-Petition Fee Notice in the amount of $1,549.00 to recover its attorney fees and costs related to the Motion for Relief from Automatic Stay

3. **Chapter 13 Plan Payments:** Debtor shall make all Trustee payments promptly when due according to the provisions of his Chapter 13 Plan. Debtor shall pay the ongoing monthly mortgage payments and pre-petition arrears owed to Movant through his Chapter 13 Plan.

4. **Ad Valorem Property Taxes and Insurances:** Debtor shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance on a timely basis to Movant; if applicable.

5. **Default:** Should Debtor default on any terms of this order, Movant shall mail notice of the default to Debtor, his attorney, and the Trustee by U.S. First Class Mail, postage prepaid. Should Debtor not cure the default plus pay Movant's $125.00 default letter charge, within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. ' 362 shall be and is hereby ordered lifted in rem with respect to Movant's collateral. Debtor's right to cure a default

within the prescribed ten (10) day period is limited to two (2) such events, and nothing contained herein shall entitle Debtor to cure a or subsequent default as to the terms of this Agreed Order. In the event of termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(4) shall be waived and Movant, its successors, transferees, and/or assigns, shall be authorized to enforce its lien rights and pursue its statutory and contractual remedies to gain possession of the property located at 3319 Oak Run Lane, Mansfield, Texas 76063, and more fully described as follows:

> BEING LOT 10, BLOCK 1 OF OAK RUN ESTATES, AN ADDITION TO THE CITY OF MANSFIELD, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 5728, PLAT RECORDS, TARRANT COUNTY, TEXAS.

Movant shall file a Certificate of Default and/or Notice of Termination with the court in the event that the automatic stay is terminated pursuant to the terms of this order or by agreement of the parties. Notice of termination of the stay shall also constitute a request that the Chapter 13 Trustee cease disbursements on the claim filed by Movant in this proceeding. Movant reserves the right to file a claim for an unsecured deficiency balance arising from any subsequent sale of the Property.

**6.** **Post-Termination Loss Mitigation Contact:** In the event that the automatic stay is terminated at a later date, Movant may exercise its remedies available under state law, including foreclosure of its mortgage against the Debtor's interest in the Property and, in exercising those rights, Movant may contact the Debtor by telephone or by written correspondence. Movant may at its option offer, provide and enter into a forbearance agreement, loan modification, refinance agreement or other loan workout / loss mitigation agreement.

**7.** **Court Approval of Future Mortgage Loan Modifications or Agreements:** The Debtor shall be solely responsible for obtaining court approval of any future mortgage loan

agreements or modifications which constitute the incurrence of debt, and the Debtor shall be responsible for providing notice to the Court, the Chapter 13 Trustee, the United States Trustee, and other persons requesting notice, of any mortgage loan agreements or modifications which increase or reduce the Debtor's disposable income and/or which affect the ability of the Debtor to perform under the Chapter 13 Plan.

**8.** **Effect of Non-Sufficient Funds:** Any check tendered to Movant by Debtor or any payment hereunder which is returned by Debtor's bank for any reason shall not be deemed a timely payment under this Agreed Order.

**9.** **Dismissal/Discharged/Conversion:** In the event that this case is dismissed or discharged, for any reason whatsoever, the repayment terms set forth in this Agreed Order regarding principal, interest, taxes and insurance shall immediately be in all things null and void. In the event that this case is converted to a proceeding under Chapter 7 of the United States Bankruptcy Code, then all arrearages due under the Note shall be deemed due upon such conversion, and if the property has been previously exempted from the estate, the 11 U.S.C. ' 362(a) stay shall terminate in rem without further notice or order of the Court, and Movant shall be free to exercise any rights granted to it by the loan documents with respect to the Property, including, but not limited to, the initiation and completion of foreclosure of the Property. In the event that this case is dismissed or discharged for any reason whatsoever, the stay is terminated as to Movant by operation of law or entry of further order of the Court or default under the terms of this Order, or in the event that this case is converted to a proceeding under Chapter 7 of the United States Bankruptcy Code, all provisions contained in this order that address attorneys' fees, costs, prohibitions against refiling for relief for a designated period or by specified persons, receipt of non-sufficient funds, preservation of the Property, in rem relief or timeliness of payments shall

remain in full force and effect and the parties to this Order expressly agree to be bound thereby.

**###END OF ORDER###**

AGREED TO AND APPROVED BY:

By:/s/ Anthony Schroeder
Anthony Schroeder, SBOT 24106407
**ATTORNEY FOR MOVANT**
101 East Park Boulevard
Suite 600, Office 23
Plano, TX 75074
Telephone: (713) 293-3610
Facsimile: (858) 412-2792
Email: aschroeder@aldridgepite.com

***Mailing Address***
3333 Camino del Rio South, Suite 225
San Diego, CA 92108

By: /s/ Misty Sheffield
Christopher Anderson / Misty Sheffield
**ATTORNEY FOR DEBTOR**
Allmand Law Firm, PLLC
Christopher Anderson
860 Airport Fwy
Suite 401
Hurst, TX 76054
Telephone: 214-265-0123
Email: canderson@allmandlaw.com